IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN RANDOLPH DUPREE, SR., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 10-291-LPS |
| : | |
| PERRY PHELPS, Warden, and ATTORNEY : | |
| GENERAL OF THE STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

John Randolph Dupree, Sr. *Pro se* Petitioner.

Elizabeth Roberts McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

February 27, 2013
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner John Randolph Dupree, Sr. ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## II. BACKGROUND

In November, 2004, Petitioner was indicted on sixty charges, including twenty-three counts of first degree robbery, seven counts of attempted first degree robbery, one count of second degree robbery, two counts of first degree car jacking, sixteen counts of possession of a firearm during the commission of a felony ("PFDCF"), nine counts of possession of a firearm by a person prohibited ("PFBPP"), and two counts of wearing a disguise during the commission of a felony. (D.I. 13 at 1) After both parties waived the right to a jury trial, the case proceeded to bench trial on November 14, 2005. At the conclusion of the trial, the State submitted, with Petitioner's consent, a redacted and amended Indictment that reduced the number of charges to twenty-eight: eighteen counts of first degree robbery, six counts of attempted first degree robbery, one count of second degree robbery, one count of attempted second degree robbery, and two counts of first degree car jacking. *Id.* at 1-2. The Superior Court convicted Petitioner of seventeen counts of first degree robbery, six counts of attempted first degree robbery (one as a lesser-included offense of first degree robbery), one count of second degree attempted robbery, and two counts of first degree car jacking. On January 23, 2006, Petitioner was sentenced to a total of 119 years at Level V incarceration, followed by eight years of probation. *Id.* Petitioner appealed three of those convictions, arguing that he did not represent by words or conduct that he

1

was in possession or control of a deadly weapon. *Dupree v. State*, 909 A.2d 594 (Table), 2006 WL 2844528, at *1 (Del. Oct. 3, 2006). The Delaware Supreme Court rejected Petitioner's argument and affirmed his convictions and sentence. *Id.* at *2.

On July 27, 2007, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting fourteen claims of ineffective assistance of counsel. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 61 & 73) The Superior Court denied the Rule 61 motion, and Petitioner did not appeal that decision. (D.I. 13; D.I. 15, Del. Super. Ct. Crim. Dkt. Entry No. 77)

## III. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the

2

petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *see also Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules

3

preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines*, 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477

U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *see Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt, *see Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002). A petitioner establishes actual innocence by asserting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

### IV. DISCUSSION

The Petition asserts fourteen ineffective assistance of counsel claims, alleging that defense counsel: (1) failed to pursue a diminished capacity defense; (2) failed to advise Petitioner of his right not to testify at trial; (3) failed to request separate trials on the robbery charges; (4) failed to question Ursula Parris, one of the State's witnesses, regarding prior bad acts; (5) compromised the attorney-client privilege by revealing confidential communications between Petitioner and counsel; (6) failed to push negotiations for a plea when the parties were ordered to discuss a plea mid-trial by the judge; (7) failed to argue double-jeopardy because Petitioner claims he was also convicted of unauthorized use of a motor vehicle in a lower court stemming from one of the attempted robbery charges; (8) failed to notice that the court was biased toward punishment rather than justice; (9) ignored mental health issues in preparing a defense; (10) allowed the trial to proceed without objection when the State sought retribution and not justice; (11) failed to express to the trial court that Petitioner desired help; (12) failed to recognize that the only line of defense was an insanity defense; (13) allowed an unqualified witness, not a licensed psychologist, to

testify about Petitioner's state of mind; and (14) failed to devote his full attention to Petitioner's case during trial because counsel was distracted by another pending case.

Although Petitioner presented all fourteen of his ineffective assistance of counsel claims to the Superior Court in his Rule 61 motion, he did not appeal the Superior Court's denial of those claims to the Delaware Supreme Court. Consequently, Petitioner did not exhaust state remedies for the claims presented in his Petition. Any attempt to obtain further review of the claims in the Delaware state courts at this juncture would be time-barred under Rule 61(i)(1) and further barred by Rule 61(i)(2) as repetitive. *See Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998) (Rule 61(i)(2) bars any ground for relief that was not asserted in prior proceeding). Therefore, the Court cannot review the merits of claims one through fourteen absent a showing of cause and prejudice, or a miscarriage of justice.

Petitioner has not alleged, and the Court cannot discern, any cause for his default of the instant ineffective assistance of counsel claims. In the absence of cause, the Court will not address the issue of prejudice. Moreover, Petitioner's default cannot be excused under the miscarriage of justice exception because Petitioner has not provided the Court with new reliable evidence of his actual innocence. Accordingly, the Court will deny claims one through fourteen as procedurally barred.

## V. **CERTIFICATE OF APPEALABILITY**

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, a federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court has concluded that Petitioner's habeas claims are procedurally barred and, therefore, do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. **CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.